UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| **MARCO HENDERSON, #K-58827,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-1428 |
| | ) | |
| **VALERIE BRIMBLE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Now before the Court is the Motion for in Camera Review (ECF No. 57) filed by Defendants Tammy Bennett, Valerie Brimble, Gregg Gossett, Michelle Pulley, Wayne Steele, and Joseph Yurkovich (collectively Bennett, Brimble, Gossett, Pulley, Steele, and Yurkovich referred to as "Defendants") and the Motion for in Camera Review (ECF No. 62) filed by Plaintiff Marco Henderson ("Plaintiff"). In their Motion, Defendants request that the Court review a document contained in another inmate's master file to determine whether the Defendants should be required to produce the document pursuant to the Plaintiff's document request. For reasons stated herein, the Court finds that the document should be produced with restrictions noted below. In his Motion, Plaintiff requests that the Court require Defendant Brimble to produce a copy of his employee file for this Court to review and determine if there is any relevant information contained therein. Essentially, the Plaintiff requests this Court set aside its previous ruling on the subject. (TEXT ORDER dated 7/28/2014). For reasons stated herein, the Plaintiff's Motion is DENIED.

**DISCUSSION**

Under Rule 26 of the Federal Rules of Civil Procedure, unless otherwise limited, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).

Defendants indicate that the document submitted to the Court for review falls within a Request for Production of Documents served by the Plaintiff. (ECF No. 57 at 1). The Defendants further note that the "document is confidential since it was contained in another inmate's master file [and] [t]he Illinois Department of Corrections also has safety and security concerns about granting an inmate access to the contents of another inmate's master file." (ECF No. 57 at 2). Nonetheless, the Defendants submit the document to the Court to "determine its relevancy, and decide whether a copy of the document should be produced to Plaintiff." *Id*.

Among other things, Plaintiff alleges in his Complaint that on or around September 18, 2012, he was attacked by another inmate who was coerced and solicited by Defendant Brimble. (ECF No. 1 at 9). Several inmates were apparently involved in the alleged attack. (*See* ECF No. 1 at 11). Despite being the victim of the attack, Henderson alleges that he received two disciplinary tickets as a result of the fight. (ECF No. 1 at 13). Plaintiff also alleges that on or around September 29, 2012, he went before the Adjustment Committee to address the fight with the other inmate. (ECF No. 1 at 14). Defendant Bennett, a Lieutenant at HHCC, served as chair of the Committee. *Id*. Plaintiff objected to Bennett serving on the Committee because she had previously investigated the fight between the other inmate and Plaintiff. *Id*. Bennett did not

recuse herself from the Committee, and Plaintiff received various disciplinary measures, including one year in segregation. (ECF No. 1 at 14).

The document in question is a Grievance Officer's Report written in response to another inmate's grievance related the September 18, 2012, fight/incident described above. Based on this Court's review, the document is relevant to the Plaintiff's claim. Accordingly, the Court finds that the Plaintiff should have access to the document. Nonetheless, the Court is also aware that the possession of another inmate's confidential information by another inmate is cause for concern. As such, the Court finds that the Defendants/IDOC shall allow Plaintiff reasonable access to the document for his review (an opportunity to review, take notes and re-visit the document, if and when necessary), but Plaintiff will not be allowed to keep or possess a copy of the document.

As for Plaintiff's Motion, Plaintiff previously filed a Motion for an Order Compelling Discovery (ECF No. 54) seeking access to his employee file and records believing that these documents would show that certain Defendants were aware of Plaintiff's complaint against Defendant Brimble. (ECF No. 54 at 2). On July 28, 2014, this Court entered an Order denying the Motion and finding that the documents that the Plaintiff seeks are irrelevant and are not reasonably calculated to lead to the discovery of admissible evidence. (TEXT ORDER dated 7/28/2014). Plaintiff's recent Motion does not offer any reasons to reconsider this Court's previous ruling. Accordingly, the Motion is DENIED. Moreover, to the extent the Plaintiff seeks to have this Court review other documents to determine whether they are relevant to his case, such a request is DENIED. If Plaintiff believes he is entitled to certain information or documents, he may utilize the discovery mechanism available to any party, including filing a

Motion if necessary, to obtain the information. However, the Court will not review any and all documents related to the Plaintiff and determine the applicability or relevance to his case.

## **CONCLUSION**

For reasons stated herein, Defendants' Motion for in Camera Review (ECF No. 57) is GRANTED to the extent the Court has reviewed the document and determined that is should be made available to the Plaintiff as described herein and the Plaintiff's Motion for in Camera Review (ECF No. 62) is DENIED.

Entered this 13th day of April, 2015.

/s/ Michael M. Mihm

Michael M. Mihm
U.S. District Court Judge